IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
DELORIS BROWN; JEREMY BROWN;    )
and TIFFANY WILMOUTH,           )
                                )
              Plaintiffs,       )
                                )
         v.                     )    1:12CV1204
                                )
PENN   NATIONAL    SECURITY     )
INSURANCE COMPANY d/b/a PENN    )
NATIONAL INSURANCE,             )
                                )
              Defendant.        )
```

## **MEMORANDUM ORDER**

THOMAS D. SCHROEDER, District Judge.

This is a declaratory judgment action regarding insurance coverage for damages resulting from an accident. The Recommendation of the United States Magistrate Judge was filed with the court in accordance with 28 U.S.C. § 636(b) and, on January 28, 2014, was served on the parties in this action. (Docs. 28, 29.) The Magistrate Judge recommended that the motion for summary judgment (Doc. 19) filed by Defendant Penn National Security Insurance Company d/b/a Penn National Insurance ("Penn National") be granted in part and denied in part. Plaintiffs Deloris Brown, Jeremy Brown, and Tiffany Wilmouth (collectively "Plaintiffs") and Penn National filed timely objections to the Recommendation as well as responses pursuant to Federal Rule of Civil Procedure 72. (Docs. 30, 31,

34, 35.)  For the reasons noted below, the Recommendation will be adopted, as modified herein.

**I.   BACKGROUND**

The facts are adequately described in the Magistrate Judge's Recommendation (Doc. 28 at 1-4) and are summarized here as relevant to the following discussion:

This case arises out of an automobile accident between Plaintiffs and a cable installation van (the "van") owned by KTS Cable Installations, Inc. ("KTS"), that was driven by Angella Ferguson ("Mrs. Ferguson").  (Id. at 1; Doc. 23-2 at 10-18.) Mrs. Ferguson's husband, Brian Ferguson ("Mr. Ferguson"), was an employee of KTS and had been issued the van for the purposes of his employment.  (Doc. 28 at 3.)  Penn National issued an insurance policy (the "Policy") to KTS covering the van for the relevant period.  (Id. at 1.)  KTS is the named insured on the Policy, but the Policy also covers "[a]nyone else while using [the van] with [KTS'] permission . . . ."  (Id. at 2; Doc. 9-1 at 23.)  KTS issued the van to Mr. Ferguson on the condition that he sign the KTS Vehicle Agreement (the "Agreement").  (Doc. 28 at 3; Doc. 20 at 6 (Agreement).)  The Agreement contains a preamble that describes its purpose.  It begins: "Agreement between [KTS] . . . and [Mr. Ferguson] for the assignment of a [KTS]-owned car for business use with certain personal use privileges."  (Doc. 20 at 6.)  The body of the Agreement

contains several restrictions on Mr. Ferguson's use of the van; most notably, "[p]ersonal use of the [KTS] vehicle is not permitted under any circumstance" (id. ¶ 7), and "the carrying of passengers not employed by [KTS] is not allowed" (id. ¶ 11).

Despite the restrictions in the Agreement, Mr. Ferguson occasionally allowed his wife to drive the van. (Doc. 28 at 4; Doc. 25-2 ¶ 3.) Mrs. Ferguson claims she was unaware that she was not permitted to drive it. (Doc. 28 at 4; Doc. 25-2 ¶ 4.) On June 3, 2012, while driving the van to pick up her daughter, Mrs. Ferguson was involved in an accident with Plaintiffs. (Doc. 28 at 4; Doc. 25-2 ¶ 2.) Plaintiffs seek a declaratory judgment that Penn National is liable based on two grounds. First, they argue that Mrs. Ferguson qualifies as an "insured" under the Policy because she was driving the van with the permission of KTS. Second, Plaintiffs contend that even if the express terms of the Policy do not cover Mrs. Ferguson, coverage is required under North Carolina's Motor Vehicle Safety and Financial Responsibility Act of 1953 (the "Act"), N.C. Gen. Stat. § 20-279.1 et seq., as amended.

The Magistrate Judge rejected Plaintiffs' first argument, concluding that Mrs. Ferguson did not have the express or implied permission of KTS to drive the van and thus was not an "insured" under the Policy. (Doc. 28 at 8-10.) However, as to the second argument, the Magistrate Judge concluded that a fact

3

issue precluded summary judgment.  (Id. at 11-13.)  He determined that the Agreement was ambiguous as to the scope of Mr. Ferguson's personal use privileges, and thus a jury could find that both Fergusons had a good faith belief that Mrs. Ferguson was in "lawful possession" of the van under the Act. (Id.)

Plaintiffs and Penn National object to the Recommendation. Plaintiffs contend the Magistrate Judge erred by concluding that the Policy did not cover Mrs. Ferguson.  (Doc. 31.)  Penn National contends that no genuine dispute of material fact exists and that Mrs. Ferguson was not in "lawful possession" of the van as matter of law.  (Doc. 30.)  The parties have responded to each argument.  (Docs. 34, 35.)

**II. ANALYSIS**

**A. Standard of review**

Pursuant to Federal Rule of Civil Procedure 72(b)(3), this court is required to conduct a *de novo* review of those portions of the Magistrate Judge's Recommendation to which an objection is made.  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).  The parties object to both aspects of the Recommendation, so the court will conduct a *de novo* review of the entire Recommendation.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine dispute of material fact remains. When the non-moving party has the burden of proof on the merits, the moving party is entitled to summary judgment if it shows the absence of material disputed facts. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 325 (1986). In assessing whether a genuine dispute of material fact sufficient to preclude summary judgment exists, the court regards the non-movant's statements as true and accepts all admissible evidence and draws all inferences in the non-movant's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). But a non-moving party must establish more than the "mere existence of a scintilla of evidence" to support his position. Id. at 252. If the evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted). Ultimately, summary judgment is appropriate where the non-movant fails to offer "evidence on which the jury could reasonably find for the plaintiff." Id. at 252.

**B. Liability under the Policy**

The Magistrate Judge concluded that Mrs. Ferguson was not covered under the Policy because KTS had not given her express or implied permission to drive the van. After conducting a *de novo* review, the court agrees. Therefore, for the reasons set

5

forth in the Recommendation, Penn National's motion for summary judgment on Plaintiffs' claim for liability under the Policy will be granted.

**C.   Liability under the Act**

The Magistrate Judge also concluded that Penn National's motion for summary judgment on Plaintiffs' claims under the Act should be denied because a fact issue existed as to whether both Mr. and Mrs. Ferguson had a good faith belief that Mrs. Ferguson lawfully possessed the van.  Penn National objects to this portion of the Recommendation, arguing that there is no genuine dispute as to whether Mr. Ferguson could have had a good faith belief that he was permitted to loan the van to his wife in light of the Agreement.  (Doc. 30 at 7-13.)  Plaintiffs contend, as the Magistrate Judge noted, that an ambiguity in the Agreement, coupled with Mr. Ferguson's testimony about personal use of installation vans by other KTS employees (Doc. 23-2 at 18), establishes a fact issue as to whether Mr. Ferguson had a good faith belief that KTS permitted him to loan the van to his wife.  Alternatively, Plaintiffs argue, the good faith of Mr. Ferguson is not required.

The Act requires that all auto insurance policies in North Carolina

> insure the person named therein and any other person,
> as insured, using any such motor vehicle or motor
> vehicles with the express or implied permission of

> such named insured, *or any other persons in lawful possession*, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle . . . .

N.C. Gen. Stat. § 20-279.21(b)(2) (emphasis added). Section 279.21's requirements "prescribe mandatory terms which become part of every liability policy" in North Carolina. Am. Tours, Inc. v. Liberty Mut. Ins. Co., 338 S.E.2d 92, 96 (N.C. 1986). Therefore, if Mrs. Ferguson was "in lawful possession" of the van, Penn National is liable for

> thirty thousand dollars ($30,000) because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, sixty thousand dollars ($60,000) because of bodily injury to or death of two or more persons in any one accident, and twenty-five thousand dollars ($25,000) because of injury to or destruction of property of others in any one accident.

N.C. Gen. Stat. § 20-279.21(b)(2).

The requirement that all policies cover drivers "in lawful possession" of an insured vehicle was added to the statute in 1967. See Iowa Nat'l Mut. Ins. Co. v. Broughton, 196 S.E.2d 243, 246–47 (N.C. 1973). Penn National relies heavily on Broughton, where a rental company rented a vehicle to a customer under the contractual condition that no person under the age of 21 would be permitted drive it. Id. at 247. The customer subsequently allowed a 19-year-old to drive the vehicle, and the teenager was involved in an accident. Id. at 245. The North Carolina Supreme Court held that the 19-year-old driver was not

7

"in lawful possession" of the vehicle under the Act. Id. at 247. The court concluded that while the rental car company "obligated itself to be responsible for [the customer's] negligence," the customer "could not, in violation of his own agreement, make the [company] responsible for [the teenager's] negligence." Id. Justice Branch, concurring in the result only, concluded that the sole basis for the court's denial of coverage should have been N.C. Gen. Stat. § 20-281, which deals more directly with persons engaged in the renting of automobiles and requires coverage for lessees and their agents. Id. at 247-48 (Branch, J., concurring in the judgment).

In Belasco v. Nationwide Mutual Insurance Co., 326 S.E.2d 109 (N.C. Ct. App. 1985), the North Carolina Court of Appeals was faced with a similar situation. There, an insured loaned his automobile to his daughter with the oral instruction not to let anyone else drive it. Id. at 110. The daughter nevertheless loaned it to a third party, who became involved in an accident. Id. After surveying the case law, the court held, consistent with Broughton, that "a person is in lawful possession of a vehicle . . . if he is given possession of the automobile by the automobile's owner or owner's permittee under a good faith belief that giving possession of the vehicle to the third party would not be in violation of any law or contractual obligation." Id. at 113. The court continued that, "[a]pplying

8

these principles to the present case, we conclude that [the third party], having been given possession of the vehicle by one in lawful possession, with no notice of restrictions on its use, was in lawful possession."[1]  Id.  Thus, it is clear that in order to be in "lawful possession" of a vehicle, a third party must have a good faith belief that the permittee had the authority to give her the van.  To this extent, the parties agree.

Penn National argues further that Nationwide Mutual Insurance Co. v. Baer, 439 S.E.2d 202, 205 (N.C. Ct. App. 1994), imposes an additional requirement: that the original permittee (here, Mr. Ferguson) must have had a good faith belief that giving possession to the third party (Mrs. Ferguson) would not violate any legal obligation.  Penn National contends that the Magistrate Judge erred in determining that the Agreement was ambiguous with respect to Mr. Ferguson's personal use privileges.  Rather, it contends, Mr. Ferguson could not have had a good faith belief that Mrs. Ferguson could possess the van when such possession would be contrary to the Agreement.

Baer denied coverage - under both the applicable policy and the Act - to a third party who took control of a vehicle after

---

[1] The court also relied on Engle v. State Farm Mutual Auto Insurance Co., 245 S.E.2d 532, 535–36 (N.C. Ct. App. 1978), where the court, addressing a similar oral instruction not to let anyone else drive a car that was later loaned to another who was involved in an accident, held that where an original permittee gives another express permission to use a vehicle, the other person is placed in lawful possession of it under section 20-279.21.

9

the owner had directly told him never to do so. 439 S.E.2d at 203, 205. Penn National relies on the court's discussion addressing the question of coverage *under the policy*, which expressly excluded any person using the van "without a reasonable belief that that person is entitled to do so." Id. at 204. In finding this policy provision consistent with North Carolina law, the court stated that, under Belasco, it is required "not only that the owner or the owner's permittee must give possession to a third party in good faith, but also that the third party must take in good faith and without any notice of restrictions on his use." Id. at 205; see also N.C. Farm Bureau Ins. Co. v. Nationwide Mut. Ins. Co., 608 S.E.2d 112, 113-14 (N.C. Ct. App. 2005). Penn National argues that the first part of this statement supports its contention that the good faith of the permittee is required. Notably, Penn National does not address the Baer court's separate discussion where it finds that the third party was not "in lawful possession" *under the Act*. In so finding, the court acknowledged that while "it is not fair to impose liability on an owner, through his insurance company, when that owner has done everything in his power to limit those individuals who have permission to use his vehicle," the purpose of the Act - to protect innocent motorists - is best served by requiring coverage only on those third parties who take possession of a vehicle unaware of a

10

restriction prohibiting their use. Id. at 205 (citing Nationwide Mut. Ins. Co. v. Chantos, 238 S.E.2d 597 (N.C. 1977)).

In their response, Plaintiffs, drawing on the Magistrate Judge's observation (Doc. 28 at 12 n.2), rely on Osmanzada v. Eldridge Concrete Construction, Inc., Civ. A. No. 3:10-cv-1, 2011 WL 926235, at *4–5 (W.D. Va. Mar. 15, 2011). Osmanzada addressed directly whether the good faith of the permittee/lender is required under North Carolina law and concluded that it is not. In Osmanzada, the district court stated that, although language in Baer appears to impose a good faith requirement on both the permittee and the third party, "it is apparent that the court intended a different rule." Osmanzada, 2011 WL 926235, at *5. According to the district court, "Baer holds that to be in lawful possession of a vehicle, a third party must have: (i) a good faith belief that the owner or owner's permittee had authority to give possession; and (ii) a good faith belief that there were otherwise no restrictions on his use." Id.

In order to explain the contradiction between this result and the above-quoted portion of Baer (upon which Penn National relies), the district court pointed to the final paragraph of the Baer opinion, where the Court of Appeals directly addressed the issue of lawful possession under the Act. The district

11

court noted that Baer recognized the distinction between cases where the third party takes possession of a vehicle knowing that she was prohibited from driving it and those where the third party received no explicit instructions from the permittee, who nevertheless transferred possession in violation of explicit instructions of the owner. The contrast is best illustrated by the Baer court's observation that "[i]t is one thing to impose coverage when a permittee gives possession to a third party who is unaware of any restrictions, but it is an entirely different matter to impose coverage when the owner's permittee gives possession to a third party who knows that he is prohibited from using the vehicle. Such a person cannot have lawful possession." Baer, 439 S.E.2d at 205; see Osmanzada, 2011 WL 926235, at *5.

The Osmanzada court also found it important that the North Carolina Supreme Court has subsequently all but abandoned the "restrictive meaning" it ascribed to section 279.21 in Broughton that "arguably runs counter to [the Act's] purpose." See Osmanzada, 2011 WL 926235, at *4 n.4 (citing Am. Tours, 338 S.E.2d at 96). Now, "permission, express or implied, is not an essential element of lawful possession" under the Act. Id. at *4 (quoting Caison v. Nationwide Ins. Co., 243 S.E.2d 429, 432 (N.C. Ct. App. 1978)).

Penn National has not addressed <u>Osmanzada</u> or its reasoning. Thus, while <u>Osmanzada</u>'s interpretation of <u>Baer</u> and the North Carolina courts' application of section 279.21 is persuasive, the court need not resolve Plaintiffs' objection that the good faith of the permittee/lender is not required. That is because, as the Magistrate Judge correctly concluded, there nevertheless remains a genuine dispute of material fact as to Mrs. Ferguson's good faith. (<u>See</u> Doc. 28 at 13.)[3] To the extent the Magistrate Judge concluded that a genuine issue of material fact existed also as to the good faith of Mr. Ferguson, therefore, that determination (and any discussion of its factual underpinning) is not necessary to the court's holding and need not be adopted here. Therefore, Penn National's motion for summary judgment on the issue of coverage under the Act will be denied.

**III. CONCLUSION**

For the reasons stated, the court concludes that there is no coverage for Plaintiffs under the Policy because Mrs. Ferguson did not have express or implied permission to drive the KTS van, but a genuine dispute of material fact exists as to whether she was "in lawful possession" of the van at the time of the accident to provide coverage under the Act.

---

[3] Penn National makes much of the fact that Mrs. Ferguson did not hold a valid driver's license at the time of the accident, because her license had been suspended. (<u>See</u> Doc. 30 at 2, 4–5, 10, 12—13.) However, Mrs. Ferguson avers that she was unaware her license had been suspended. (Doc. 25-2 ¶ 5.) Thus, a fact issue exists as to Mrs. Ferguson's state of mind.

13

IT IS THEREFORE ORDERED that the Magistrate Judge's Recommendation is ADOPTED as modified herein, and that Penn National's motion for summary judgment (Doc. 19) is GRANTED as to Plaintiffs' claim for coverage under the Policy but is DENIED as to coverage under the Act.

        /s/   Thomas D. Schroeder
      United States District Judge

March 17, 2014